```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
_____
                               :
UNITED STATES OF AMERICA       :
                               :   Crim. No. 11-737 (NLH)
     v.                        :
                               :
DILLAN EDWARDS,                :   Opinion
                               :
          Defendant            :
_____:
```

**APPEARANCES**:

DILLAN EDWARDS
3144 HAMLET DRIVE
TOBYHANNA, PA 18466

   *Pro se.*

LINDSEY REBECCA HARTEIS
DOJ-USAO
CRIMINAL DIVISION
401 MARKET STREET
CAMDEN, NJ 08102

   *Counsel for the United States.*

**Hillman, District Judge**

   Before the Court is Dillan Edward's ("Defendant") Motion for Early Termination of Supervised release under 18 U.S.C. § 3583(e) (ECF 62). For the reasons expressed below, Defendant's Motions will be denied.

1

**Background**

    Defendant was arrested on June 18, 2011, at a cruise ship stop in Bayonne, New Jersey, after attempting to smuggle over 20 kilograms of cocaine into the United States. (ECF 65). The criminal case against him was commenced via a complaint (ECF 1) and later proceeded via information as Defendant waived his right to an indictment (ECF 46). The information alleged that Defendant conspired to import 5 kilograms or more of cocaine into the United States contrary to Title 21, U.S.C. §§ 952(a) and 960(b)(1)(B), in violation of Title 21 U.S.C. § 963. (<u>Id</u>.)

    On October 26, 2011, entered a plea of guilty to the one count information. (ECF 49). Important to this instant motion, the plea agreement provided that "As set forth in Schedule A, this Office and Dillan Edwards waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255." (ECF 50 at 4).

    The Court sentenced Defendant to a term of 48 months of imprisonment with a 5-year term of supervised release to follow thereafter on July 8, 2013. (ECF 57). This sentence was below the advisory guidelines range applicable to Defendant's offense level. (ECF 57, 65). This sentence activated the above quoted appellate waiver provision.

**Legal Standard**

Under 18 U.S.C. § 3583(e), the Court has discretion to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The Court may do this after analyzing "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[.]" Id. at § 3583(e).

However, before the Court could consider the 3553(a) factors, the Court is required to consider any applicable appellate waiver conditions in the plea agreement. United States v. Damon, 933 F.3d 269, 274 (3d Cir. 2019), cert. denied, 140 S. Ct. 1212, 206 L. Ed. 2d 213 (2020). In Danon, the Third Circuit made clear that an appellate waiver provision in a plea agreement barred a defendant from seeking to modify the term of supervised release under section 3583(e). Id. at 275. The Court reasoned that such attacks could have been raised on appeal if not for the waiver and therefore fell within the scope of a broadly worded appeal waiver. Id.

**Discussion**

1. **Defendant has waived his right to modify his term of supervised release.**

    The Court holds that Defendant's motion to modify his term of supervised release falls squarely within the scope of the waiver in his plea agreement. Specifically, Defendant agreed to waive his right "to file an appeal, collateral attack, writ or motion after sentencing[.]" (ECF 50 at 4). This language encompasses the motion currently before the Court, one which can be construed as an appeal of his sentence as the Court imposed the 5-year term of supervised release at sentencing (See ECF 57). Defendant has not raised any support under contract law to support the position that the waiver should somehow be set aside here. Because the issues in the instant motion "come within the scope of the waiver, the waiver was entered knowingly and voluntarily, and enforcing the waiver would not cause a miscarriage of justice," United States v. Brown, 2021 WL 3356946, at *1 (3d Cir. Aug. 3, 2021), the Court holds that the waiver applies here and that Defendant's motion will be denied.

2. **Defendant fails to meet the section 3553(a) factors.**

    Even if the Court were to find that the appellate waiver provision did not apply here, Defendant does not satisfy the section 3553(a) factors.

    The 7 factors at issue here are:

4

"(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed [to afford deterrence, protect the public, and provide the defendant with correctional treatment];

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for [the type of offense committed];

(5) any pertinent policy statement [issued by the United States Sentencing Commission, subject to particular caveats];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense."

18 U.S.C.A. § 3553(a).

Critically, the Court already analyzed these factors when it initially imposed Defendant's sentence.  Defendant has not proffered any reasons in his motion why that analysis should change now.  United States v. Melvin, 978 F.3d 49, 53 (3d Cir. 2020) ("We think that '[g]enerally, early termination of supervised release under § 3583(e)(1)" will be proper "only when the sentencing judge is satisfied that new or unforeseen

5

circumstances' warrant it.")(emphasis in original). Because the Court has broad discretion to decide these types of motions, id. at 52, and because the Court sees no reason to depart from the analysis it applied at sentencing, Defendant's motion also fails on the merits.

## Conclusion

For the reasons contained herein, motion (ECF 62) will be denied.

An accompanying Order shall issue.


Dated: February 3, 2022          /s Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.